UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD S. HERBST,

                              Plaintiff,

    -against-

METRO-NORTH COMMUTER RAILROAD and
METROPOLITAN TRANSPORTATION AUTHORITY

                              Defendants.
----------------------------------------------------------------X

08 -- 2964

**COMPLAINT**

**08 Civ   (   )**
**ECF CASE**

**PLAINTIFF DEMANDS TRIAL BY JURY**

    Plaintiff, Ronald S. Herbst, by his attorneys, Cahill, Goetsch & Maurer, P.C. complains of the defendants, Metro North Railroad and Metropolitan Transportation Authority, and alleges:

**STATEMENT OF FACTS**

    FIRST: At all times relevant, Plaintiff Ronald S. Herbst has resided at 151 Cascade Road, Stamford, CT 06903.

    SECOND: Defendant, Metro North Railroad (hereinafter "Metro North") is a public benefit corporation created pursuant to the Public Authorities Law of the State of New York and is one of the wholly owned commuter railroad subsidiaries of defendant, Metropolitan Transportation Authority (hereinafter "MTA").

    THIRD: Defendant, MTA is a public benefit corporation created pursuant to the Public Authorities Law of the State of New York and is the parent agency of defendant, Metro North.

FOURTH: That at all times relevant, defendants Metro North and MTA maintained their executive offices at 347 Madison Avenue, New York, N.Y. and railroad facilities, inter alia, in Westchester County, New York.

FIFTH: That on and before March 19, 2007, defendants owned, operated, maintained and controlled a line of railroad known as the New Haven Division Line which contained defendants' tracks, rails, switches, sidings, stations, parking facilities, platforms, roadbeds and appurtenances thereto, over, through and upon which the Defendants operated engines, trains and cars under their control and direction.

SIXTH: That on and before March 19, 2007, defendants owned, operated, maintained and controlled a passenger train station on the New Haven Division Line known as the Stamford Station in the City of Stamford, County of Fairfield and State of Connecticut.

SEVENTH: That on and before March 19, 2007, the Stamford Station New Haven bound platform, from which passengers enter and exit defendants' passenger trains, was not properly maintained in a timely manner to eliminate ice.

EIGHTH: On March 19, 2007, plaintiff parked his car at the Stamford Station parking lot and walked to the New Haven bound station platform. He then walked towards stairs leading to the New York City bound platform. Before reaching the stairs, plaintiff slipped on a thin accumulation of "black ice" at approximately 9:50 A.M., causing plaintiff to sustain serious and permanently disabling injuries.

NINTH: That a Notice of Claim was served upon defendants on June 7, 2007 and over thirty (30) days have elapsed since the plaintiff served the Notice of Claim upon the defendants

and both defendants have neglected or refused to make an adjustment or payment of plaintiff's claims.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST METRO NORTH

TENTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs FIRST through NINTH of this Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH: The Court has diversity jurisdiction over this cause of action pursuant to 28 USC §1332.

TWELFTH: That Metro North was negligent: in failing to inspect, maintain and repair its Stamford Station platform in a safe and reasonable manner; in failing to clear accumulated ice in a timely manner from the Stamford Station platform; in failing to warn plaintiff of the dangerous and defective slipping hazard; in failing to apply salt, sand or other appropriate product to the "black ice" located on the Stamford Station platform; in failing to remove from use that section of the Stamford Station platform where plaintiff was injured until it was properly cleared of accumulated ice; and, in failing to enact and enforce safety, inspection, maintenance and operating rules which would have prevented plaintiff's claimed injury.

THIRTEENTH: That by reasons of the foregoing, plaintiff was caused to sustain: a left distal Fibula fracture; a compound sprain of the left ankle; and, a torn tendon with cartilage damage in his left lower extremity. In addition, plaintiff was caused to suffer pain and suffering, mental anguish and emotional distress; and, resultant costs for transportation, medical evaluation and treatment and loss of income.

FOURTEENTH: That as a result of the aforestated negligence on the part of Metro North, plaintiff has sustained damages estimated to be in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST MTA

FIFTEENTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs FIRST through FOURTEENTH of this Complaint with the same force and effect as if fully set forth at length herein.

SIXTEENTH: The Court has diversity jurisdiction over this cause of action pursuant to 28 USC §1332.

SEVENTEENTH: That the MTA was negligent: in failing to inspect, maintain and repair its Stamford Station platform in a safe and reasonable manner; in failing to clear accumulated ice in a timely manner from the Stamford Station platform; in failing to warn plaintiff of the dangerous and defective slipping hazard; in failing to apply salt, sand or other appropriate product to the "black ice" located on the Stamford Station platform; in failing to remove from use that section of the Stamford Station platform where plaintiff was injured until it was properly cleared of accumulated ice; and, in failing to enact and enforce safety, inspection, maintenance and operating rules which would have prevented plaintiff's claimed injury.

EIGHTEENTH: That by reasons of the foregoing, plaintiff was caused to sustain: a left distal Fibula fracture; a compound sprain of the left ankle; and, a torn tendon with cartilage damage in his left lower extremity. In addition, plaintiff was caused to suffer pain and

suffering, mental anguish and emotional distress; and, resultant costs for transportation, medical evaluation and treatment and loss of income.

NINETEENTH: That as a result of the aforestated negligence on the part of the MTA, plaintiff has sustained damages estimated to be in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment on the first cause of action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; plaintiff demands judgment on the second cause of action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with pre and post judgment interest, costs and disbursements.

DATED:    Croton-on-Hudson, New York
          March 20, 2008

CAHILL, GOETSCH & MAURER, P.C.
Attorneys for Plaintiff

By: _____ # IM0337
    Ira M. Maurer, Esq.
1025 Westchester Avenue, Suite 106
White Plains, N.Y. 10604
(914) 948-3352
