UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD S. HERBST,

                Plaintiff,

  -against-                                **ANSWER**

                                                 08 Civ. 2964 (PKC) WP

METRO-NORTH COMMUTER RAILROAD and
METROPOLITAN TRANSPORTATION
AUTHORITY,

                Defendants.
------------------------------------------------------------X

      Defendants, Metro North Commuter Railroad (hereinafter "Metro-North"), and Metropolitan Transportation Authority, (hereinafter "MTA"), by their attorney, Richard K. Bernard, General Counsel to Metro-North and of counsel to MTA, as and for their answer to the complaint of the plaintiff, allege as follows:

      1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 1 of the complaint.

      2. Deny upon information and belief each of the allegations contained in paragraph(s) 2, 3 and 4 of the complaint and refers all questions of law and fact to judge and jury, except admit that Metro-North and MTA maintain offices at 347 Madison Avenue, New York, NY.

      3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 5 and 6 of the complaint and refers all questions of law and fact to judge and jury.

      4. Deny the allegations contained in paragraph(s) 7 and 8 of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph(s) 9 of the complaint and refers all questions of law and fact to judge and jury.

### ANSWERING THE FIRST CAUSE OF ACTION

6. Defendants repeat and reallege each and every answer made to paragraph(s) 1 through 9 of plaintiff's complaint in response to the allegations contained in paragraph(s) 10 of the complaint as if more fully set forth herein.

7. Deny upon information and belief each of the allegations contained in paragraph(s) 11 of the complaint and refers all questions of law and fact to judge and jury.

8. Deny the allegations contained in paragraph(s) 12, 13 and 14 of the complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

9. Defendants repeat and reallege each and every answer made to paragraph(s) 1 through 14 of plaintiff's complaint in response to the allegations contained in paragraph(s) 15 of the complaint as if more fully set forth herein.

10. Deny upon information and belief each of the allegations contained in paragraph(s) 16 of the complaint and refers all questions of law and fact to judge and jury.

11. Deny the allegations contained in paragraph(s) 17, 18 and 19 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. As and for a first affirmative defense, or as a defense in mitigation of damages, the defendants claim that any injuries allegedly sustained by the plaintiff(s) were caused, in whole or in part, by reason of the culpable conduct of the plaintiff(s).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. As and for a second affirmative defense, the defendants claim that the amount of any judgment in favor of the plaintiff must be reduced by the amount plaintiff received from any collateral source pursuant to CPLR Section 4545.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. As and for a third affirmative defense, the defendants claim that the plaintiff failed to take all steps necessary and proper to mitigate damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. As and for a fourth affirmative defense, the defendants claim that the plaintiff assumed the risk of her alleged injury and caused or contributed to the injury.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. The injuries and damages allegedly sustained by the plaintiffs were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of these defendants, their servants, agents or employees, but were caused by reason of the carelessness, negligence culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom these defendants had no control.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. If the plaintiff sustained damages as alleged in the complaint, those damages are as a result, in whole or in part, of the conduct of the plaintiff, and to the extent that said damages have been caused in part by conduct other than that of these answering defendants, liability, if any, of said answering defendants should be apportioned in the same proportions as their culpable conduct, if any, bears to the culpable conduct of others.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That the alleged accident and injuries, if any, were caused in whole or in part by reason of the plaintiff taking upon himself the ordinary risks incident to and the dangers inherent in the activity in which she was engaged at the time of the subject accident and; if any damages are recoverable against these answering defendants, the amount of such damages shall be reduced by the injuries or aggravation thereof caused by plaintiff's assumption of risks concomitant with this activity.

WHEREFORE, the defendants, Metro-North Commuter Railroad Company and Metropolitan Transportation Authority, demand judgment dismissing the complaint, together with costs and disbursements and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
April 24, 2008

                              Richard K. Bernard, General Counsel

                              By:   S/_____
                                  Ioana Wenchell
                                  Attorneys for Defendants
                                  347 Madison Avenue
                                  New York, New York  10017
                                  212-340-2203 - IW-4775

TO:    Ira M. Maurer, Esq.
          Cahill, Goetsch & Maurer, P.C.
          Attorneys for Plaintiff
          1025 Westchester Avenue, Ste. 106
          White Plains, New York  10604
          914-948-3352 - IM/0337

*STATE OF NEW YORK* :
                    : *ss:*
*COUNTY OF NEW YORK* :

      LAURA MATTHEWS, being duly sworn, deposes and says:

      I am not a party to the action, am over 18 years of age and reside in the Bronx, New York.

      On April _25_, 2008, I served a true copy of the annexed ANSWER and RULE 7.1 STATEMENT, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:    Ira M. Maurer, Esq.
        Cahill, Goetsch & Maurer, P.C.
        Attorneys for Plaintiff
        1025 Westchester Avenue, Ste. 106
        White Plains, New York  10604
        914-948-3352 - IM/0337

                                                        __S/_____
                                                          LAURA MATTHEWS

Sworn to before me this
 _25__ day of  April,  2008

___S/_____
NOTARY PUBLIC

Herbst, RonaldS